E-FILED on    07/18/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MOHAMMAD AKHAVEIN and SUSSAN ABDOLLAHI, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>ARGENT MORTGAGE COMPANY, a Delaware Corproration; CAL COAST FINANCIAL, a California corporatoin; CITIBANK, a California Corporation; and DOES 1-10, inclusive<br><br>Defendants. | No. 5:09-cv-00634 RMW (RS)<br><br>ORDER GRANTING DEFENDANTS MOTION TO DISMISS<br><br>**[Re Docket No.  24]** |

Defendant Argent Mortgage Company, LLC ("Argent") moves to dismiss plaintiffs Mohammad Akhavein ("Akhavein") and Sussan Abdollahi's ("Abdollahi") first amended complaint. For the reasons set forth below, the court grants defendant's motion to dismiss with leave to amend as allowed herein.

## I. BACKGROUND

On September 23, 2005, plaintiffs Akhavein and Abdollahi purchased real property located at 3186 San Juan Avenue, Santa Clara, California. First Amended Complaint ("FAC") ¶ 17. To purchase the property, plaintiffs entered into two secured loans with Argent; the first was a $528,000 loan with a variable interest rate, and the second a $132,000 loan with a fixed interest rate. *Id.* ¶¶ 18, 19. Cal Coast Financial Corporation ("Cal Coast") apparently brokered the loan and submitted the loan application on plaintiffs' behalf. Mot. to Dismiss 1. Plaintiffs allege that Citibank is the assignee of all Argent's assets and liabilities, including plaintiffs' loan. FAC ¶ 10. Both loans were secured by deeds of trust recorded against the property. *Id.* ¶¶ 17, 19.

Beginning in 2008, Akhavein was unable to make payments on the loans and accordingly Citibank sent plaintiffs a Notice of Default in the Fall of 2008. Mot. to Dismiss 2. On January 5, 2009, Citibank foreclosed on the property and evicted the plaintiffs. *Id.*

Plaintiffs allege that the $528,000 variable rate loan referenced a fixed interest rate for the first five years of the loan, but that the Truth in Lending Act ("TILA") disclosures provided for a fixed interest rate for the first two years of the loan only. FAC ¶ 18. Plaintiffs also allege that the terms of both loans were unclear, inconspicuous, inconsistent, reference inconsistent rates, and that Argent did not explain the mortgage loan, the interest rates, finance charges, fees, costs or the inherent volatility of the loan. *Id.* ¶ 18-20.

Plaintiffs originally brought a complaint on February 12, 2009 and filed the FAC on April 23, 2009. Plaintiffs raise the following fourteen causes of action in the FAC: Violation of TILA, violation of the Real Estate Settlement Procedures Act ("RESPA"), violation of the Home Ownership and Equity Protection Act ("HOEPA"), violation of California Business and Professions Code §§ 17200 and 17500, fraud, breach of the implied covenant of good faith and fair dealing, quiet title, declaratory relief, violation of California Civil Code § 2923.6 (specific performance), violation of the Unruh Civil Rights Act (California Civil Code § 51), violation of 42 U.S.C. § 1981 (Civil Rights Act of 1991), violation of 42 U.S.C. § 1983 (Civil Rights Act of 1871), violation of 42 U.S.C. § 2000d (Civil Rights act of 1964) and violation of 15 U.S.C. § 1691 (the Equal Credit Opportunity Act).

On June 5, 2006 Argent moved to dismiss each complaint.  In their opposition to the motion to dismiss, filed on June 19, 2009, Plaintiffs dropped or conceded their causes of action for violation of HOEPA, quiet title and specific performance under California Civil Code § 2932.6.  Opp'n to Mot. to Dismiss 2.

## II.  ANALYSIS

A plaintiff is required to plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007).  This pleading standard applies "in all civil actions and proceedings in the United States district courts." *Ashcroft v. Iqbal*, 550 U.S. _, 129 S.Ct.1937, 1953 (2009) (citation omitted).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 1949 (citation omitted).  When a party seeks leave to amend a motion to dismiss, it should ordinarily be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  However, a court can deny leave to amend in cases of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment." *Id.*

### A.  TILA

Plaintiffs allege numerous TILA violations by defendants in their first cause of action, including failure to identify the creditor, stating a rate of finance charge without disclosing the APR, failing to make required TILA disclosures prior to entering into a consumer credit transaction, and other violations.  FAC ¶ 24a-24p.  As a result of these violations, plaintiffs sought both rescission of the loans and damages in the FAC, but concede in their opposition that "TILA does not provide rescission as a remedy for purchase money mortgages."  Opp'n to Mot. to Dismiss 14.

Under TILA, "any action may be brought in the United States district court . . . within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  This one-year statute of limitations "runs from the date of consummation of the transaction, but [] the doctrine of equitable tolling may, in appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis

of the TILA action." *King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986). Equitable tolling "focuses on excusable delay by the plaintiff," *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir.2002), and if a "reasonable plaintiff would not have known of the existence of a possible claim within the limitations period." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). When equitable tolling is at issue, its applicability generally "depends on matters outside the pleadings, so it is rarely appropriate to grant a 12(b)(6) motion to dismiss." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-1004 (9th Cir. 2006). Nevertheless, when a plaintiff has not alleged any facts demonstrating that he or she could not have discovered the alleged violations by exercising due diligence, dismissal may be appropriate. *See Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902-903 (9th Cir. 2003) (TILA claim and equitable tolling of the claim dismissed because plaintiff was in full possession of all loan documents and did not allege any concealment of loan documents or other action that would have prevented discovery of the alleged TILA violations); *Hubbard v. Fidelity Federal Bank*, 91 F.3d 75, 79 (9th Cir. 1996) (all TILA claims prior to August 22, 1990 were dismissed because no evidence suggested that the defendant banks attempted to conceal alleged breach of contract prior to August 22, 1991).

Plaintiffs Akhavein and Abdollahi entered into their loan agreements with Argent on September 23, 2005. FAC ¶ 17. Without the doctrine of equitable tolling the statute of limitations would thus have run on September 23, 2006. They argue that equitable tolling should be invoked because they did not discover the TILA violations until March of 2009, they were not familiar with mortgage transactions, English is not their first language and the disclosures were unclear and included references to different interest rates. Opp'n to Mot. to Dismiss 12. They also allege that "[t]he facts alleged further reflect Defendant knowingly and willfully concealed and/or misrepresented material information in an effort to prevent Plaintiffs from discovering the violations, as aforesaid." *Id*. at 13. Plaintiffs, however, do not explain *which* facts reflect that Argent concealed information that would have led to discovery of the TILA violations, no such facts appear in the complaint. Plaintiffs were in full possession of all the loan documents on September 23, 2005, and do not provide any facts suggesting they could not have discovered alleged TILA violations through due diligence and reasonable examinations of the loan documents. Therefore, Argent's motion to

1  dismiss the TILA claim is granted.  Akhavein and Abdollahi are given leave to amend by providing
2  facts that would support tolling the limitations period.

### B.  RESPA

RESPA claims brought under 12 U.S.C. § 2605 have a three year limitations period.  12 U.S.C. § 2614.  "The Ninth Circuit has not decided whether the doctrine of equitable tolling may, in appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the violations that form the basis of plaintiffs' RESPA action.  However, absent a clear indication to the contrary, equitable tolling should be read into every federal statute."  *Brewer v. Indymac Bank*, 609 F.Supp. 2d 1104, 1117-1118 (E.D. Cal. 2009) (citing *Holmberg v. Armbrecht*, 327 U.S. 392, 396- 97 (1946)).  Applying the three-year limitations period to the present claim, plaintiffs had to bring their RESPA action by September 23, 2008 to be within the limitations period.  Assuming that equitable tolling does exist in RESPA actions, the claim still fails because, as explained above, plaintiffs do not allege any facts that would support tolling the limitations period.  The motion to dismiss the RESPA claim is therefore granted, and plaintiffs are granted leave to amend to allege facts that would support tolling the limitations period.

### C.  Unfair Competition

Unfair Competition, under the Unfair Competition Law, California Business & Professions Code §§ 17200, includes "any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."  Cal. Bus. & Prof. Code § 17200.  "The scope of the UCL is broad.  The UCL covers 'anything that can properly be called a business practice and that at the same time is forbidden by law.'"  *Maxwell v. Union Fidelity Mortg., Inc.*, 2009 WL 426189, at *5 (E.D. Cal. 2009) (citing *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999)).  "A plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation."  *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 618 (1993)**.**

Here, plaintiffs plead that defendants "fail[ed] to accurately and adequately disclose the true loan terms, fail[ed] to provide Plaintiffs with the necessary disclosure and documents [and] violat[ed] anti-predatory lending statutes . . ."  FAC ¶ 48.  These vague allegations are devoid of

facts and do not specify which statutes Argent violated, and the claim is therefore dismissed with leave to amend.  Plaintiffs may amend their complaint by alleging which specific loan terms or documents Argent failed to provide or inaccurately disclosed and the anti-predatory lending statutes Argent violated.  Plaintiffs seem to allege that Argent misrepresented plaintiffs' loan as having a fixed interest rate for five years, when in fact the interest rate was only fixed for two year.  FAC ¶ 18.  Plaintiffs should expound on this allegation and explain which statute or statutes the alleged misrepresentation violates.

### D.     Fraud

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  This already heightened pleading standard in fraud cases is further heightened when a party pleads fraud against a corporation.  "The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written."  *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153 (1991).  This requirement is relaxed where "the defendant must necessarily possess full information concerning the facts of the controversy," *Bradley v. Hartford Acc. & Indem. Co.* 30 Cal. App. 3d 818, 825 (1973), or "when the facts lie more in the knowledge of the opposite party[.]" *Turner v. Milstein*, 103 Cal. App. 2d 651, 658 (1951).  However, relaxing the standard is innappropriate in this case because plaintiffs Akhavein and Abdolahhi signed the loan document and should be aware of who made the allegedly fraudulent representations to them.  Although plaintiffs specifically allege that "defendants" fraudulently represented that the loan payments would be fixed for five years, and were in fact only fixed for two years, plaintiffs have not alleged which defendant made the representation, let alone who specifically at the employ of the defendant made the representation.  "In essence, none of the specifics required by *Tarmann* are included in the Complaint (the name of the person who made the misrepresentation, that person's authority to speak, what they said, etc.)."  *Alicea v. GE Money Bank*, 2009 WL 1766703, at *6 (N.D. Cal. 2009).  Accordingly, Argent's motion to dismiss the complaint for fraud is granted, and plaintiffs are granted leave to amend.  Plaintiffs may amend the fraud claim against Argent by

1 alleging the person who made the representation about the fixed-year fixed term interest rate, that
2 person's authority to speak, to whom the individual spoke, what he or she said and when it was said
3 or written.

### E.     Covenant of Good Faith and Fair Dealing

Plaintiffs allege that "any attempt to foreclose upon the property lawfully belonging to plaintiffs without production of documents demonstrating the lawful rights for said foreclosure would constitute a breach of the said covenant of good faith and fair dealing." FAC ¶ 66. "The relationship between a lending institution and its borrower-client is not fiduciary in nature." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1093 n.1 (1991). Therefore, plaintiffs do not have relationship that would allow recovery for tortious violation of the covenant of good faith and fair dealing. *Paek v. Plaza Home Mortg., Inc.*, 2009 WL 1668576, at *3 (C.D. Cal. 2009) (creditor home mortgage company did not have special relationship with borrower that would support recovery for breach of good faith and fair dealing). Furthermore, to the degree that plaintiffs are pleading a violation of a contractual covenant of good faith and fair dealing, they do not identify which contract is at issue but appear to refer to the entire loan transaction. The loan documents provided that Argent, or later Citibank, could foreclose on the property in the case of default. FAC Ex. 1. Therefore "the Court cannot conclude that a foreclosure conducted in accordance with the terms of a deed of trust constitutes a breach of the implied covenant of good faith and fair dealing." *Id*; *See also Carma Developers (Cal.), Inc. v. Marathon Development California Inc.*, 2 Cal. 4th 342, 374-376 (1992) (lessor's termination of a lease to capture increased rental value was expressly permitted by the lease contract and therefore did not violate the covenant of good faith and fair dealing); *Alcarev v. Wachovia Mortg. FSB*, 2009 WL 160308, at *9 (E.D. Cal. 2009) (good faith and fair dealing claim on foreclosure dismissed because the loan documents provided that defendant Wachovia could foreclose upon default). The motion to dismiss the cause of action for breach of the covenant of good faith and fair dealing is therefore dismissed, with leave to amend.

### F.     Declaratory Relief

"Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS—No. 5:09-cv-00634 RMW (RS)

uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1356-1357 (9th Cir. 1985). "A claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action." *Mangindin v. Washington Mut. Bank*, 2009 WL 1766601 *6 (N.D. Cal. 2009). Plaintiffs seek declaratory relief to resolve disputes arising from "the rights and duties of the parties under the various statutes at issue in this litigation, the ownership to the Property, and/or right of foreclosure." FAC ¶ 20. Plaintiffs have not offered any reasons why a request for declaratory judgment would be necessary. The "relief Plaintiffs seek[] is entirely commensurate with the relief sought through their other causes of action. Thus, Plaintiffs' declaratory relief claim is duplicative and unnecessary." *Mangindin*, 2009 WL 1766601 at *5. Argent's motion to dismiss is therefore granted with prejudice because any amendment would be futile.

### G.    42 U.S.C. §  1983

A claim brought under 42 U.S.C. § 1983 has two elements: "the conduct complained of must have been under color of state law, and (2) the conduct must have subjected the plaintiff to a deprivation of constitutional rights." *Jones v. Community Redevelopment Agency of the City of Los Angeles*, 733 F. 2d 646, 649 (9th Cir. 1984). Plaintiffs do not allege either of these two required elements. Plaintiffs allege only that because of Defendants acts, "Plaintiffs suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain an anguish . . ." FAC ¶ 101. They do not allege that Argent is a state actor, nor that they were deprived of a constitutional right. Furthermore, "[a] pleading will not be sufficient to state a claim under the Civil Rights Act if the allegations are mere conclusions." *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir.1977). Plaintiffs' allegations in this case are mere conclusions. Defendant's motion to dismiss is granted with prejudice as any attempt to amend this claim would be futile.

### H.    Unruh Civil Rights Act; 42 U.S.C. § 1981; 42 U.S.C. §  2000d; 15 U.S.C. § 1691

"[A] Plaintiff seeking to establish a cause of action under the Unruh Act must plead and prove intentional discrimination in public accommodations in violation of the terms of the Act."

*Harris v. Capital Growth Investors XIV*, 52 Cal.3d 1142, 1175 (1991).[1]  Plaintiffs plead that "Defendants violated California Civil Code § 51 in that Defendants discriminated against, boycotted, or blacklisted, refused to lend to, contract with, or refinance, or offered significantly less worthy credit to the Plaintiffs based on his/her race, color, religion, ancestry, and national origin." FAC ¶ 83.  These allegations are vague and conclusory, and seem contradictory to plaintiffs' allegation that Argent did "lend to" and "contract with" plaintiffs in entering into loan agreements with them.  Plaintiffs do not allege how Argent or other Defendants took into account plaintiffs' race, color, religion, ancestry and national origin as there is no mention of Defendants factoring these criteria in considering the mortgage loan.

Plaintiffs other civil rights and discrimination claims, namely the 42 U.S.C. §§ 1981, 2000d and 15 U.S.C. § 1691 claims, suffer from the same shortcoming as the Unruh Act claim.  Each claims offers a conclusory allegation of discrimination, based on any number of criteria, with no factual substantiation to ground the accusation.

The 42 U.S.C. §§ 1981, 2000d claims each also suffer from additional shortcomings.  Courts apply a burden-shifting analysis to intentional discrimination claims arising under 42 U.S.C. § 1981. *Lindsey v. SLT Los Angeles, LLC*, 447 F.3d 1138, 1144 (9th Cir. 2006).  Where directly showing discriminatory intent is generally impossible, plaintiffs bringing a 42 U.S.C. § 1981 claim must instead "show that: (1) [they are members] of a protected class, (2) [they] attempted to contract for certain services, and (3) [they were] denied the right to contract for those services." *Id*. at 1145.  A plaintiff may also be required to show that other, similarly situated individuals who are not members of a protected class, were able to contract for the services. *Id*.  Once a plaintiff has satisfied the elements of a prima facie case for intentional discrimination, the burden shifts to a defendant to present a legitimate non-discriminatory purpose for their decision not to contract with the plaintiff.  Akhavein and Abdollahi allege "that Defendants, and each of them, loaned Plaintiffs an amount that was unreasonable." FAC ¶ 92.  This allegation appears to preclude a 42 U.S.C. § 1981 claim because

---

[1] There is some disagreement about whether the requirement of proving intentional discrimination, rather than disparate impact, has since been overruled "where the Unruh act violation is premised on an ADA violation" *Lentini v. California Center for the Arts, Escondido*, 370 F.3d. 837, 847 (9th Cir. 2004).  In this case, where the ADA is not at issue, pleading intentional discrimination is required. *See Cohn v. Corinthian Colleges, Inc.*, 169 Cal. App. 4th 523, 527 n. 2 (2008).

plaintiffs acknowledge being able to contract with Argent, even if they later found the terms of the contract unfavorable.  Furthermore, Akhavein and Abdollahi do not allege being denied the right to contract with Argent at any point.  In their original complaint, now superceded by the FAC, plaintiffs alleged that they sought to refinance their loan with Citibank and other lenders and were refused. Complaint ¶ 21.  But nowhere do they allege seeking a loan with Argent and being denied. The 42 U.S.C. § 1981 claim therefore fails for the additional reason that plaintiffs do not allege being denied a right to contract for services with Argent.

42 U.S.C. § 2000d states: "No Person in the United States shall, on the ground of race, color, gender or nation origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance."  Plaintiffs have alleged that Argent receives money from the Federal Government, but plaintiffs have not alleged that their loan was part of a "program or activity receiving federal financial assistance."  *See e.g. Steptoe v Savings of America*, 800 F. Supp. 1542, 1548 (N.D. Ohio 1992) (mortgage lender being bound by or participating in federal programs was not sufficient to give potential borrowers standing to bring action under 42 U.S.C. § 2000d because there was no proof that mortgage lender used any federal funding to finance potential mortgages); *Strykers Bay Neighborhood Council, Inc. v. City of New York*, 695 F. Supp. 1531, 1543 (S.D.N.Y. 1988) (42 U.S.C. 2000d claim dismissed because construction of luxury housing in an urban renewal area was not federally funded).

Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, claims must be brought no "later than two years from the date of the occurrence of the violation."  15 U.S.C. § 1691e(f).  However, unlike a TILA claim, the statute of limitations does not run from the time of the initial transaction, in this case the initial loans on September 23, 2005.  Rather, the limitation period runs  from each alleged wrong and "each mortgage statement that seeks inflated payments for the loan based upon discriminatory terms is another violation visited upon Plaintiff[s]."  *Taylor v. Accredited Home Lenders, Inc.*, 580 F. Supp.2d 1062, 1066 (S.D. Cal. 2008).  In this case the limitations period would run from plaintiffs' most recent mortgage payment, which occurred some time in 2008.  Mot. to Dismiss 2.  The statute of limitations period therefore does not block the ECOA cause of action.

1  However, as explained above, the claim nevertheless fails to properly allege discrimination by
2  Argent against the plaintiffs.
3          The motion to dismiss the Unruh Act, 42 U.S.C §§ 1981, 2000d and 15 U.S.C. § 1691 claims
4  is therefore granted.  Plaintiffs are granted leave to amend each of these claims.

### III.  ORDER

6  For the foregoing reasons, the court:
7  1.      grants the motion to dismiss Akhavein and Abdollahi's claims under TILA and RESPA, the
8          covenant of good faith and fair dealing, the unfair competition under California Business and
9          Professions Code § 17200, the Unruh Civil Rights Act, 42 U.S.C. §§ 1981, 2000d, 15 U.S.C.
10         169, their fraud claim with thirty days leave to amend; and continues the case management
11         conference until the pleadings are closed.
12 2.      grants the motion to dismiss Akhavein and Abdollahi's claims for Declaratory Relief and
13         violations of 42 U.S.C. § 1983 with prejudice.

16 DATED:       07/17/09                              _____
                                                     RONALD M. WHYTE
17                                                   United States District Judge

**THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WAS PROVIDED TO:**

**Counsel for plaintiff:**

Sally A. Belderian
Timothy Douglas Thurman                    tim.thurman@trinlaw.com

**Counsel for defendant:**

Jason Edward Goldstein                     jgoldstein@buchalter.com
David Ming Liu                             dliu@buchalter.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

Date:      07/18/09                              JAS
                                           Chambers of Judge Whyte