E-FILED on   11/4/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MOHAMMAD AKHAVEIN and SUSSAN ABDOLLAHI, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>ARGENT MORTGAGE COMPANY, a Delaware Corproration; CAL COAST FINANCIAL, a California corporatoin; CITIBANK, a California Corporation; and DOES 1-10, inclusive<br><br>Defendants. | No. 5:09-cv-00634 RMW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>[Re Docket No. 38] |

Defendant Argent Mortgage Company, LLC ("Argent") moves to dismiss plaintiffs Mohammad Akhavein ("Akhavein") and Sussan Abdollahi's ("Abdollahi") second amended complaint. The matter came on for hearing on October 30, 2009. Defendant appeared by David Liu. Plaintiff filed no opposition and did not appear. For the reasons set forth below, the court grants defendant's motion to dismiss without leave to amend.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS—No. 5:09-cv-00634 RMW (AKT)

## I. BACKGROUND

On September 23, 2005, plaintiffs Akhavein and Abdollahi purchased real property located at 3186 San Juan Avenue, Santa Clara, California. Second Amended Complaint ("SAC") ¶ 18. To purchase the property, plaintiffs entered into two secured loans with Argent; the first was a $528,000 loan with a variable interest rate, and the second was a $132,000 loan with a fixed interest rate. *Id.* ¶¶ 18, 20. Cal Coast Financial Corporation ("Cal Coast") apparently brokered the loan and submitted the loan application on plaintiffs' behalf. SAC ¶ 13. Plaintiffs allege that Citibank is the assignee of all Argent's assets and liabilities, including plaintiffs' loan. *Id.* ¶ 11. Both loans were secured by deeds of trust recorded against the property. *Id.* ¶¶ 18, 20. Beginning in 2008, plaintiffs were unable to make payments on the loans and accordingly Citibank sent plaintiffs a Notice of Default in the Fall of 2008. Order at 2:10-12. On January 5, 2009, plaintiffs were foreclosed upon and evicted. *Id.*

Plaintiffs brought their original complaint on February 12, 2009 and filed an amended complaint on April 23, 2009. On June 5, 2006 Argent moved to dismiss all fourteen of plaintiffs' causes of action. On July 18, 2009, the court granted defendant's motion to dismiss a variety of federal and state claims with thirty days leave to amend. Order at 11:6-13. The court also granted the motion to dismiss for declaratory relief and violations of 42 U.S.C. § 1983 with prejudice. Plaintiffs filed a second amended complaint on August 17, 2009 dropping all causes of action except a single claim of fraud. Defendant Argent moves to dismiss.

## II. ANALYSIS

To survive a motion to dismiss a plaintiff is required to plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 550 U.S. _, 129 S.Ct.1937, 1949 (2009) (citation omitted). When a party seeks leave to amend a motion to dismiss, it should ordinarily be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, a court can deny leave to amend in cases of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.*

Rule 9(b) of the Federal Rules of Civil Procedure requires that "when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations and citations omitted).  "The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins., Co.*, 2 Cal. App. 4th 153, 157 (1991) (citations omitted).  This requirement is relaxed where "the defendant must necessarily possess full information concerning the facts of the controversy," *Bradley v. Hartford Acc. & Indem. Co.* 30 Cal. App. 3d 818, 825 (1973), or "when the facts lie more in the knowledge of the opposite party[.]" *Turner v. Milstein*, 103 Cal. App. 2d 651, 658 (1951).

Under California law, a claim for fraud requires the following elements: (1) misrepresentation such as concealment or nondisclosure; (2) knowledge of falsity; (3) intent to defraud or induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996).  Plaintiffs allege that "defendants" misrepresented the monthly payments, interest rate, and other terms and conditions of their loans.  SAC ¶ 24.  Plaintiffs allege that the terms of both loans were unclear, inconspicuous, inconsistent, reference inconsistent rates, and that Argent did not explain the mortgage loan, the interest rates, finance charges, fees, costs or the inherent volatility of the loans.  *Id*. ¶¶ 21-22.  According to plaintiffs, Argent failed to provide loan documents including a "Consumer Handbook on Adjustable Rate Mortgages, HUD-1 Settlement Statement and/or Good Faith Estimate." *Id*. ¶26.  However, plaintiffs have failed to allege who made the representations, what the specific representations were or what handbooks and documents were not provided.  Plaintiffs fail to provide the specificity required to raise a claim of fraud against Argent.

1	Plaintiffs allege that intent to defraud is present in Argent's failure to provide a Farsi
2	translation of the loan documents and disclosure statements.  SAC ¶28.  Plaintiffs allege they do not
3	speak English as a first language, however, they fail to claim they do not understand English.  SAC ¶
4	2.  Without alleging a lack of understanding of English, the fact that plaintiffs speak Farsi as their
5	primary language fails to state a fraud claim.  Plaintiffs assert that English is their second language,
6	however this "in the absence of a showing that [t]he[y] w[ere] prevented by the agent from reading .
7	. . or w[ere] otherwise tricked into signing the document without reading it" is not enough to state a
8	claim.  *Cortez v. Weymouth*, 235 Cal. App. 2d 140, 149 (5th Dist. 1965).  Plaintiffs next allege that
9	they do not have expertise in and are not familiar with mortgage transactions.  *Id*.  Every contracting
10	party has the duty "to learn and know the contents of a contract before he signs and delivers it."
11	*Hoshaw v. Cosgriff*, 247 F. 22, 26 (8th Cir. 1917).  Generally, ignorance of the contents of an
12	instrument which a party voluntarily executes is not sufficient ground for setting it aside.  *Upton v.*
13	*Tribilcock*, 91 U.S. 45, 50 (1875).  The facts do not demonstrate that plaintiffs' backgrounds prevent
14	them from being able to comprehend the mortgage agreements.  *Aikins v. Tosco Ref. Co.*, 1999 WL
15	179686, at *8 (N.D. Cal.1999).  Plaintiffs do not allege facts to support that they were unable to
16	understand the terms of the loan.  Nor do plaintiffs allege they requested a copy or translation in
17	order to understand the terms.  In the almost three years plaintiffs paid on the loan, they never
18	questioned the terms of the agreement.

19	Plaintiffs' complaint is again deficient under the requirements of *Tarmann* and outlined by
20	the court in its previous order.  Even if plaintiffs stated a viable claim for fraud, they would need to
21	state a reason for the court to toll the running of the statute of limitations.  A fraud claim has a
22	statute of limitations of three years.  Cal. Civ. Proc. Code §338(d).  "A plaintiff must affirmatively
23	excuse his failure to discover the fraud within three years by showing that he was not negligent in
24	failing to make the discovery sooner and that he had no actual or presumptive knowledge of facts
25	sufficient to put him on inquiry."  *Bedolla v. Logan & Frazer*, 52 Cal. App. 3d 118, 129 (1975).
26	Although the discovery rule postpones accrual of a claim until "the plaintiff discovers, or has reason
27	to discover, the cause of action" plaintiffs do not make a claim that they were unable to discover the
28	fraud, nor do they claim defendant exercised any  fraudulent concealment.  *Norgart v. Upjohn Co.*,

21 Cal. 4th 383, 397 (1999).  In order to assert fraudulent concealment the plaintiff must provide: "(1) when the fraud was discovered; (2) the circumstances under which it was discovered; and (3) that the plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put him on inquiry."  *Baker v. Beech Aircraft Corp.*, 39 Cal. App. 3d 315, 321 (1974).  Without providing grounds to toll the statute of limitations, plaintiffs' fraud claim would need to have been filed by September 23, 2008, and therefore, is time-barred.  *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1024 (9th Cir. Cal. 2008).  Plaintiffs filed no opposition to the motion to dismiss and failed to appear at the hearing on the motion.  Since plaintiffs have had two opportunities to amend their complaint and failed to do so and have failed to offer any facts suggesting they could successfully do so, no leave to amend is granted.

### III.  ORDER

For the foregoing reasons, the court grants defendant's motion to dismiss.  Because plaintiffs have not opposed the present motion, dismissal is with prejudice.

DATED:      11/4/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WAS PROVIDED TO:**

**Counsel for plaintiff:**

Sally A. Belderian
Timothy Douglas Thurman                              tim.thurman@trinlaw.com

**Counsel for defendant:**

Jason Edward Goldstein                               jgoldstein@buchalter.com
David Ming Liu                                       dliu@buchalter.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

DATED:   11/4/09                              CCL
                                              Chambers of Judge Whyte

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS—No. 5:09-cv-00634 RMW (AKT)
6